## L. N. STANLEY v. C. H. KING ET AL.

Decided March 6, 1907.

**Injunction—Void Judgment—Pleading.**

In a suit on a promissory note in Justice Court defendant interposed no defense except to tender the amount. A judgment in his favor for costs was void as being without pleading to support it, and execution thereon could be enjoined.

Appeal from the District Court of Falls County. Tried below before Hon. Sam. R. Scott.

*Rice & Bartlett,* for appellant.—A judgment rendered without any issue to be determined is a nullity and can not be enforced. 1 Black on Judgments, 213, sec. 184; Steele v. Palmer, 41 Miss., 88; Armstrong v. Barton, 42 Miss., 506.

*Z. I. Harlan,* for appellee.—An injunction will not lie to restrain the execution of a judgment rendered by a justice of the peace, no matter how erroneous, it being final and not appealable under the statute, where the justice had jurisdiction, and the object of the suit is for the purpose of revising his action. St. Louis, I. M. & S. Ry. Co. v. Coca Cola Co., 75 S. W. Rep., 563; Odom v. McMaham, 67 Texas, 292; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 1.

FISHER, CHIEF JUSTICE.—This is a suit by injunction to restrain the enforcement of an execution issued out of Justice's Court, precinct No. 1, Falls County, on a judgment in favor of C. H. King against H. C. Pierson and the sureties on his cost bond, L. N. Stanley and W. C. Jones. The remedy by injunction is based upon the ground that the judgment upon which the execution was issued is void. A temporary writ of injunction was granted, but upon final hearing a general demurrer was sustained to the appellant's petition, who declining to amend, the case was dismissed.

The averments of the petition are substantially to the effect that H. C. Pierson, in the Justice's Court, precinct No. 1 of Falls County, instituted a suit against C. H. King on a promissory note for $8.50, executed by King, and to foreclose a lien retained in the note against one Callender clock safe; that appellant Stanley and one W. C. Jones were the sureties on a cost bond executed by Pierson in the case referred to; that upon the trial of that case the verdict of a jury was in favor of the defendant King, and upon which verdict a judgment was rendered to the effect that King go hence fully discharged with a judgment for costs in his favor against the plaintiff Pierson and the sureties on the cost bond. Upon that judgment execution was issued for the costs incurred and levied upon the property of the appellant Stanley. It is averred that the verdict and judgment so rendered were void for the reason that the defendant King in the Justice's Court interposed no pleading or defense to Pierson's cause of action; that after the jury had been empaneled and the trial of the case in the Justice's Court proceeded

with and the plaintiff had made profert of the note sued upon, the defendant King for the first time, made a tender of the amount of the note, whereupon there was submitted to the jury the question whether the defendant King was entitled to a verdict and judgment in his favor for the costs of the suit. The petition does not allege whether the tender was or not accepted by the plaintiff Pierson. It affirmatively appears from the averments of the petition that as no defense was interposed by the defendant King in the Justice's Court, that the verdict and judgment in his favor was arbitrary and in direct violation of what we understand to be the rules of law that govern the disposition of a cause in the Justice, as well as other trial courts.

The plaintiff's suit was upon a promissory note, which appears from the averments was offered in evidence, and, in the absence of a defense, the plaintiff Pierson was clearly entitled to a judgment in his favor; and a judgment rendered in favor of the defendant, who by the offer of tender had practically admitted the plaintiff's demand, and who had failed to interpose any defense thereto, was void. (Houston, E. & W. T. Ry. v. Skeeter Bros., 98 S. W. Rep., 1064.) The statute provides that the successful party in the court below is entitled to a judgment for costs. The case cited, with others that might be mentioned, is to the effect that a judgment rendered which has no pleading to support it is void. As we construe the law, while the defendant may plead orally in the Justice's Court, he must, in order to raise an issue and recover judgment in his favor, interpose a plea of some character. Of course, a case may arise in which the plaintiff might not be entitled to recover although no defense is interposed; such, for instance, as a demand claimed and asserted in violation of some rule of public policy or statutory law, or where the consideration is immoral or based upon some illegal enterprise. But it is not contended that Pierson's cause of action against the appellee King was a case that fell within the class mentioned.

We are inclined to the opinion that if the averments of the petition are true, the appellant was entitled to relief, and that the trial court erred in sustaining the general demurrer.

Judgment reversed and cause remanded.

*Reversed and remanded.*