## CONTINENTAL JEWELRY CO. v. ARMSWORTHY. (No. 2715.)

(Court of Civil Appeals of Texas. Texarkana. March 15, 1923.)

Sales ⬅︎355(1)—Defense of fraudulent representations not available under plea of failure of consideration.

Where the only plea by defendant buyer, in action for purchase price, was that of failure of consideration, the defense of fraudulent representations by seller's salesman was not available.

Appeal from Grayson County Court; Dayton B. Steed, Judge.

Action by the Continental Jewelry Company against F. B. Armsworthy. Judgment for defendant in justice court and also on appeal to the county court, and plaintiff appeals. Reversed and rendered.

---

G. C. Harney, of Sherman, for appellant. Reasonover & Reasonover, of Denison, for appellee.

WILLSON, C. J. Appellant was a dealer in jewelry in Cleveland, Ohio. One O'Shea was its selling agent. Appellee was a grocer in Denison, Tex. August 25, 1919, appellee, through O'Shea, ordered certain jewelry of appellant. The order was on one of appellant's printed forms. It was accepted by appellant August 28, 1919. By the terms of the order appellee was to pay $192 for the jewelry, which appellant was to send by express. Appellant was to furnish appellee a display case for the jewelry, which it was to send by freight. The delivery of the goods to carriers in Cleveland was to operate as a delivery to appellee. It was recited in the order that the salesman's authority was "limited to taking orders on this form and no change or addition is binding unless in writing on the original order" accepted by appellant at Cleveland. The jewelry was delivered by appellant to an express company in Cleveland September 11, 1919, and later was delivered to appellee by the express company. The display case was delivered to a railway company in Cleveland October 10, 1919, but was never delivered by the railway company to appellee. The package containing the jewelry remained in appellee's hands unbroken until October 21, 1919, when he undertook to return it to appellant by express. When the express company tendered the package to appellant it refused to receive same; and by this suit, commenced in a justice court, sought a recovery against appellee of the $192 he agreed to pay for the jewelry. The trial in the justice court resulted in a judgment denying appellant the recovery it sought. The trial in the county court, to which appellant prosecuted an appeal, resulted in a like judgment. The appeal to this court is from the judgment last mentioned.

On the theory that it conclusively appeared that it was entitled to the relief it sought, appellant requested the court below to instruct the jury to find in its favor, and complains here because the court refused its request. We think it so appeared, and that it was error to refuse the requested instruction. Testifying as a witness, appellee admitted that he ordered the goods as charged by appellant, and it appeared without dispute in the testimony that appellant delivered the jewelry to an express company and the display case to a railroad company as freight for carriage to appellee. In other words, it appeared that the contract was as appellant asserted it to be, and that appellant had done all it thereby agreed to do. Certainly, in the absence of anything showing that it was not entitled to demand performance by appellee of his undertaking under the contract, notwithstanding performance by it of its undertaking thereunder, appellant was entitled to the relief it sought. There was no such showing. The only pretense of a reason why appellee should be relieved of his obligation under the contract was that furnished by his testimony as a witness that he was induced to order the goods by representations of O'Shea that the display case was valued at about $65, and that it and the jewelry would be shipped to him at the same time. Such representations by O'Shea, if a defense against the recovery sought in any event, would not be a defense in the absence, as was the case, of pleading on the part of appellee setting same up. Stanley v. King, 45 Tex. Civ. App. 415, 101 S. W. 524. It appears from the record sent to this court that the only pleading on the part of appellee was, as noted on the justice docket, "failure of consideration." The testimony of appellee referred to tended to show, if anything, not a failure of the consideration for his undertaking, but that he was induced to enter into the contract by fraud practiced upon him by O'Shea.

The judgment will be reversed, and judgment will be rendered here in appellant's favor for the amount it sued for.