TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Emaline Abdou AZAR, joined pro forma by
her husband, Shibley Azar, Sr.,
Appellee.

No. 5076.

Court of Civil Appeals of Texas.

El Paso.

Dec. 29, 1954.

Rehearing Denied Jan. 19, 1955.

John Ben Shepperd, Atty. Gen., Milton Richardson, W. Edmund Notestine, Asst. Attys. Gen., for appellant.

Fryer, Milstead & Luscomb, El Paso, for appellees.

HAMILTON, Justice.

Appellee Emaline Abdou Azar brought action in the County Court at Law of El Paso County, Texas, under Section 31 of Art. 6687–b, Vernon's Ann.Civ.St. Appellee's suit was an appeal from the Department of Public Safety's refusal to renew appellee's operator's license upon application timely filed with the Department. The Department refused to renew said license on the ground that to permit appellee to operate a motor vehicle upon the highways of Texas would be inimical to the public safety and welfare. Appellee's petition filed in the County Court at Law alleged among other things that the above mentioned action of the Department of Public Safety was arbitrary and capricious. Appellant filed a general denial, and affirmatively alleged that appellee was an habitual violator of the traffic laws of the State of Texas and was responsible for accidents through her negligent driving and should not be issued a license.

The cause was tried before the court without a jury, and judgment was rendered for appellee, declaring that she was

entitled to a Texas operator's license. No findings of fact and conclusions of law were requested and none were filed by the court. From said judgment the Department of Public Safety appeals to this court.

■ Appellee filed a motion to dismiss appellant's appeal on the ground that this court does not have jurisdiction. We overrule said motion on authority of Department of Public Safety v. Robertson, Tex.Civ.App., 203 S.W.2d 950, and the cases therein cited.

Appellant, the Department of Public Safety, presents one point upon appeal. It complains, in effect, that the court in rendering judgment finding that appellee is entitled to the issuance of an operator's license was in effect deciding a ministerial question on the facts when it only had the duty and power to determine whether or not the Department of Public Safety had substantial facts before it upon which to refuse the issuance of an operator's license to appellee, and whether or not it acted arbitrarily in so doing. Upon the trial of the case testimony was introduced before the trial court showing that appellee had been arrested four times for moving traffic violations within the period from April 1951 to November 1953. Three of the violations involved minor accidents where no personal injuries resulted and only minor property damages resulted. A final conviction was had in each case.

The expiration date of appellee's driver's license was May 28, 1954, and on May 7th she filed with the Department her application for renewal of her license, together with the required fee, as is provided in Section 18 of said Art. 6687–b, V.A.C.S. In reply the Department sent appellee the following letter:

"Mrs. Emaline Abdou Azar,
"3014 Pershing Street,
"El Paso, Texas.
"Dear Mrs. Azar:
"Issuance of the license for which you made application is being denied, since, in the opinion of the Director,

your operation of a motor vehicle is inimical to public safety and welfare. Your fee of $1.00 is enclosed herewith.

"Operating a motor vehicle without having in your possession a valid drivers license is a violation of the law, and copies of this letter are being sent to enforcement personnel in your vicinity.

"Yours very truly,
"A. F. Temple, Chief
Driver's License Division
"By T. G. Ferguson, Captain
Driver Improvement Section."

Upon receipt of said letter appellee requested the Department to give her an examination to see if she could qualify for a license, but such request was refused by the Department.

■ We agree with the appellant that the only duty and power of the court in passing upon a ministerial act of the Department of Public Safety such as is involved in this case, is to determine whether or not the Department had substantial facts upon which to base its action, and whether or not it acted arbitrarily and capriciously in so doing. Department of Public Safety v. Robertson, 203 S.W.2d 950. Since no findings of fact or conclusions of law were filed we must assume that the court in rendering its judgment found either that the Department did not have substantial facts upon which to base its action in refusing the renewal of appellee's license, or it acted arbitrarily in the matter.

The Statute covering the matter of operator's license in Art. 6687–b is quite long and somewhat complicated, and in said statute the Department of Public Safety is given broad powers in administering the law. However, the Legislature set out specifically as to how the law is to be administered and the Department of Public Safety is bound to administer the law accordingly.

Section 18 of Art. 3 of 6687–b V.A.C.S. deals with the expiration of licenses, and we quote here the pertinent part:

"Every operator's license * * * shall be renewable *without examination* (italics ours) upon application and payment of required fee unless the Department has reason to believe that the licencee is no longer qualified to receive a license."

It is noted in the above letter from the Department to appellee that the Department in the first line of said letter says:

"The issuance of the license for which you made application is being denied."

This appellee was not making an original application for a license, but was only ·applying for a renewal of her license, and we think that an applicant for renewal of license is in an entirely different position than an original applicant for a license. The only restriction that may ·be placed on the renewal of a license, according to the statute, is that the department may refuse to renew the license without an examination, if it has reason to believe that licensee is no longer qualified. It is our opinion that the Department acted arbitrarily and without sufficient facts in refusing to renew the license without giving the applicant an opportunity to be re-examined so the Department could determine from that examination whether or not the appellee was qualified to operate an automobile.

The Legislature provides ample means for cancellation, suspension or revocation of licenses under Section 22 of Art. 6687-b, supra. It is alleged by appellant that appellee was an habitual violator of the traffic laws of the State of Texas. That is one of the grounds set out in such Section 22 upon which an operator's license may be suspended, but only after the provisions of said law have been followed and a hearing has been had before a Mayor, a Justice of Peace or Judge of the Police Court. We do not think that the Legislature intended that the Department of Public Safety· could arbitrarily refuse to renew a license regardless of whether applicant could qualify by passing the examination given by the Department, just because of previous violations of the traffic laws, when such violations were not such as would automatically suspend the license. We think, had the Legislature so intended, it would have put a limit on how long the Department could hold up the renewal of a license. Had appellee been given an examination and had she passed it she would have been entitled to have her license renewed. Said Section 22, which deals with suspension of licenses, places a definite limit of one year, beyond which period the Department cannot suspend the license, but in this Section 18 dealing with the renewal of licenses there is no such provision. It must be borne in mind that the Robertson case above was a case involving the renewal of a license. However, in that case the Department had given the applicant an examination and he failed to pass it. It had offered to give him a· subsequent examination, which he refused to take. Furthermore, the trial court in that case specifically held that the Department of Public Safety did not act arbitrarily in failing to renew applicant's license, but we have no such finding in this case.

Appellant argues that since the Department· has authority to suspend the license of an operator, who, after a proper hearing has been found to be an habitual violator of the traffic law, common reasoning dictates that it can likewise refuse to renew a license for the same reason. We cannot follow that line of reasoning. The appellant overlooks two very important facts in the latter situation. There is no proper hearing and no finding by a magistrate that the operator is an habitual violator of the traffic laws. There are provisions in the statute for automatic suspension . or revocation of licenses, but only after some court of competent jurisdiction has found the relevant facts to exist. A careful reading of the applicable statute does not reveal any authority in the Department to assess a penalty on its own prerogative for past traffic violations. Its action in this case was an attempt to do that very thing. The appellee having properly ·filed her applica-

914

tion with the Department before the expiration date of her old license, the Department, not having requested an examination, had no other alternative than to grant a renewal of her license.

The judgment of the trial court is affirmed.