Harry Christian HOOVER, Jr., Relator,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY et al., Respondents.

No. 15366.

Court of Civil Appeals of Texas.

Dallas.

July 31, 1957.

Tobolowsky, Hartt, & Schlinger, Dallas, for relator.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for respondents.

PER CURIAM.

Harry Christian Hoover, Jr. relator, with our permission on July 22, 1957 filed a petition wherein he asks us to issue a writ of mandamus directing Texas Department of Public Safety (hereinafter called Department) to issue to him an automobile driver's license in renewal of his present license, which expires by its own terms on August 5, 1957. Hoover asserts that the issuance of the writ is necessary to preserve and protect our jurisdiction of an appeal now pending in this court in which he is appellee, said appeal being No. 15,362, styled "Texas Department of Public Safety v. Harry Christian Hoover, Jr."

The above appeal involves an order of the Department effective September 19, 1956 suspending appellee's driver's license for a period of six months based on a finding of a judge of a police court that he is an habitual violator of the traffic law. The record shows that on September 28, 1956 Hoover filed his appeal in County Court at Law No. 2 of Dallas County to set aside said order. The case was thereafter tried to a jury which returned a verdict favorable to appellee Hoover, finding that he is not an habitual violator of the traffic law. Judgment was accordingly entered May 3, 1957 setting aside the Department's order suspending Hoover's driver's license. The Department thereafter perfected its appeal to the Court of Civil Appeals, the transcript and statement of facts having been filed in this court on July 17, 1957.

Meantime Hoover, knowing that his present driver's license will expire under its own terms on August 5, 1957, applied for a renewal of his license. On July 15, 1957 the Department by letter refused to issue him a new license. The Department's letter of refusal contains the following statement:

"Upon receipt of your application for an operator's license, your permanent traffic record, which this Department is required by law to maintain, has been carefully examined along with the affirmative findings rendered by the Judge of the Dallas Corporation

Court, and we regret to inform you that the privilege of operating a motor vehicle cannot be granted.

"The Department cannot conscientiously carry out its obligations to the citizens of the State of Texas by issuing you a license to operate a motor vehicle. Therefore, by authority of Article 6687b, R.C.S., Section 4, Paragraphs 7 and 9, your privilege to operate a motor vehicle is hereby denied, and shall not be restored except that an application for a new license may be presented and acted upon by the Department after the expiration of at least six (6) months from the date of this order."

Relator Hoover says that the issuance of a writ of mandamus is necessary to protect our jurisdiction of appeal No. 15,362 because (1) the Department's refusal to renew Hoover's license after adjudication that he is not an habitual violator of the traffic law is arbitrary and capricious; and (2) unless the writ of mandamus is granted the refusal of the Department to issue a renewal license will require relitigation of the same basic issues that were tried in County Court at Law No. 2 relating to the suspension of Hoover's present driver's license. It is the judgment in that case which constitutes the subject matter of appeal No. 15,362, now pending in this court.

■ At the outset we must point out that the issuance of the writ of mandamus will not preserve and protect this court's jurisdiction of appeal No. 15,362, which is concerned only with the suspension of Hoover's present license. Our Supreme Court has held that the expiration of a: driver's license by its own terms renders moot a pending case in so far as it relates to an order of the Department suspending the license. The pendency of an appeal does not have the effect of extending the license beyond the term for which it was issued. Boston v. Garrison, 152 Tex. 253, 256 S.W. 2d 67.

The transcript and statement of facts in appeal No. 15,362 were not filed in the Court of Civil Appeals until July 17, 1957. No briefs have yet been filed by either of the parties. The appeal has not been set for submission. Hoover's driver's license expires by its own terms on August 5, 1957. Under the rules of procedure this court will not have an opportunity to decide the appeal prior to August 5, 1957. The questions raised in the appeal will have become moot and our jurisdiction to decide appeal No. 15,362 will have come to an end with the expiration of Hoover's present license by its own terms on August 5, 1957; and this is true regardless of the validity or invalidity of the Department's order suspending the license, and regardless of the issuance by us of the writ of mandamus sought by Hoover.

■ The suspension of an existing license and the refusal of a renewal license are separate and distinct acts on the part of the Department, involving different issues and different statutory procedures. Boston v. Garrison, supra. The suspension of an existing license by the Department is authorized under Art. 6687b, Secs. 22 and 23, Vernon's Ann.Civ.St., on the several grounds therein set out, but only after a hearing has been had before a mayor, justice of the peace, or a judge of a police court. The suspension is limited to a term not exceeding a year. An appeal may be had to the County Court at Law to have the suspension set aside and the final judgment of the County Court at Law is appealable to the Court of Civil Appeals.

A refusal by the Department to renew a license is authorized by Art. 6687b, Secs. 4 and 18. A hearing before a mayor, justice of the peace, or judge of a police court is not required. The statute does not put a limit on how long the Department may hold up the renewal of a license. It has been held that when the Department is presented with an application for a renewal of a license, the Department must either grant the renewal license, or require

the applicant to take another driver's examination. Texas Department of Public Safety v. Azar, Tex.Civ.App., 274 S.W.2d 911. Under Art. 6687b, Sec. 31, the action of the Department in refusing to renew a license is also appealable to the County Court at Law and the Court of Civil Appeals. Texas Department of Public Safety v. Jackson, Tex.Civ.App., 272 S.W. 2d 577; Department of Public Safety v. Robertson, Tex.Civ.App., 203 S.W.2d 950.

 Since appeal No. 15,362, now pending before us, is concerned only with questions arising out of the Department's order effective September 19, 1956, suspending Hoover's present license, we cannot consider on that appeal the question whether the Department later acted arbitrarily and capriciously on July 15, 1957 in refusing to renew Hoover's license. The latter question, arising out of a later, separate, and different action of the Department can be presented to us only in another appeal duly perfected after a trial in County Court at Law as prescribed in Art. 6687b, Secs. 4, 18, and 31. We cannot pass on the question in an original proceeding filed in the Court of Civil Appeals seeking the mandamus for which relator has prayed. King v. Moorehead, 203 S.W.2d 940; Lowe and Archer's "Texas Practice", Sec. 478, page 458. Relator Hoover's first point is overruled.

We cannot agree to relator's second point, that the Department's refusal on July 15, 1957 to renew Hoover's driver's license requires a relitigation of the same issues already adjudicated by the trial court's judgment of May 3, 1957 relating to the Department's September 19, 1956 suspension of Hoover's present license. The two acts of the Department are different and each is properly the subject of a cause of action different from the other. It will be noticed that in its letter of July 15, 1957, the Department does not base its refusal on the findings of the Judge of the Dallas Corporation Court alone. It bases its refusal on Hoover's permanent record, along with the affirmative findings of the Judge of the Dallas Corporation Court. Moreover, as we have already pointed out, the statutory procedures necessary to suspend an existing license are different from the prescribed procedures for refusing to renew a license. Relator Hoover's second point is overruled.

Relator's application for a writ of mandamus is refused.