Wm. Thomas STOGNER, Jr., Appellant,

v.

The STATE of Texas et al., Appellees.

No. 15338.

Court of Civil Appeals of Texas.

Dallas.

Jan. 10, 1958.

Frank Cusack, Dallas, for appellant.

Henry Wade, Dist. Atty., John J. Orvis, Asst. Dist. Atty., Dallas, for appellees.

CRAMER, Justice.

Appellate State has filed a motion to dismiss this appeal from a judgment by the trial court, which on July 6, 1956 suspended the appellant's Texas operator's license for a period of three months effective June 28, 1956. The record shows this license was issued September 5, 1955 for a period of two years, which period ended September 5, 1957. The record also shows the sworn certificate of the Custodian of the Records, Drivers License Division, Texas Department of Public Safety, certifying to such facts; and therefore the issues involved here are moot.

Appellant Stogner answered the motion asserting his license did not expire September 5, 1957 in that under the terms and provisions of art. 6687b, V.A.C.S., all said licenses remain in full force and effect under the original number for successive terms of two years and are automatically renewable without examination upon payment of fees required by law for such renewal, and the sole and only right of the Department of Public Safety to refuse to

renew such license upon payment of the fee is that contained in sec. 4 and sec. 18 of art. 6687b, V.A.C.S., and that he duly and within the time provided by law filed his application for renewal of his Texas operator's license No. 3557633 and tendered his fee for the renewal of such license in the sum of $2 with the Department "and thereby renewed said license for a successive term of two years subject only to the rights of the Department under secs. 4 and 18, art. 6687b, V.A.C.S., to refuse such renewal in accordance therewith under either of said subsections, and that the only reason assigned by the Department in its letter of September 24, 1957 for having failed to actually issue the renewal license is the pendency of this cause."

■ This Court held in Hoover v. Texas Department of Public Safety, 305 S.W.2d 228, that the pendency of an appeal does not have the effect of extending the license beyond the term for which it was issued and that the suspension of an existing license and the refusal of renewal are separate and distinct issues and a different statutory procedure and therefore this appeal involving only the Department's order suspending Stogner's drivers license did not give the trial court the right to pass on the question of the Department's actions on a separate application if made to renew his license, such matter being appealable only on an appeal from a judgment on such separate action of the Department, to wit, a refusal to renew the license.

The record further shows that on October 17, 1957, 42 days after the expiration date of the license, relator filed in this Court a motion for permission to file a petition for a writ of mandamus against the Department of Public Safety and Homer Garrison, Jr., its Director, which alleged in substance that the petition for the writ was attached thereto; set out the pendency in this Court of this appeal (and its being set for submission here); alleged his operator's license 3557633 was up for renewal September 5, 1957; that prior to such expiration date he in due time made application for renewal of license and tendered the fee therefor under art. 6687b, V.A.C.S., and that he was therefore entitled to the renewal license sought by him but for the exceptions contained in secs. 4 and 18, art. 6687b; but that on September 24, 1957 the respondent in a letter returned his fee and declined to issue the renewal license upon the sole ground that this cause filed here May 10, 1957 was pending in this Court and set for submission here as provided in sec. 31, art. 6687b; and "that such action is not one of the exceptions contained in either section 4 or section 18, Art. 6687b. That unless the Department by virtue of the discretion vested in it by the Legislature in sections 4 or 18, Art. 6687b, rejects an application for renewal of an operator's license, the applicant is entitled to such renewal as a matter of right." And such renewal is only a ministerial act controlled by mandamus; that by the defendant's declining to issue a renewal license, it has attempted to oust this Court's jurisdiction under the holding in Boston v. Garrison, 152 Tex. 253, 256 S.W.2d 67; and in order to protect its jurisdiction this Court should permit relator's petition to be filed and, on hearing, to grant the writ prayed for.

The Department and its Director replied by asserting lack of our jurisdiction under the guise that the granting of such writ would not preserve "the jurisdiction of this Court in this cause; that under Art. 6687b, sec. 18, subsec. c, which provides 'all licenses issued under this act shall expire two (2) years from date of issuance' and that the renewal is in fact the issuance of a new license with the same number and is a separate cause of action from the suspension of the prior license * * *."

In an opinion by this Court in Hoover v. Department of Public Safety, supra [305 S.W.2d 230], we stated: "At the outset we must point out that the issuance of the writ of mandamus will not preserve and protect this court's jurisdiction of appeal

No. 15,362, which is concerned only with the suspension of Hoover's present license. Our Supreme Court has held that the expiration of a driver's license by its own terms renders moot a pending case in so far as it relates to an order of the Department suspending the license. The pendency of an appeal does not have the effect of extending the license beyond the term for which it was issued. Boston v. Garrison, 152 Tex. 253, 256 S.W.2d 67."

Under such holding and the authorities cited therein the motion for permission to file the application for the writ must be overruled and refused.

Appellee Department also filed a motion to dismiss this appeal because all the other questions involved here have become moot since the effective term of the license has expired and the questions therefore are moot. Hoover v. Department of Public Safety, supra. Under the record we must also sustain the motion to dismiss the cause since the questions are moot. It is so ordered.