TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Roland Max PRYOR, Appellee.

No. 6834.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 26, 1959.

Rehearing Denied Feb. 23, 1959.

Charles L. Reynolds, County Atty., Childress, for appellant.

Allen Harp, Childress, for appellee.

CHAPMAN, Justice.

Under authority of Sec. 31, Art. 6687b, Vernon's Texas Civil Statutes, appellee, Roland Max Pryor brought suit in the County Court of Childress County, Texas, in an appeal from the action of the Department of Public Safety's refusal to renew his operator's license.

The record shows appellee had three convictions for driving while intoxicated during 1954, no more such convictions until December, 1956, and none since. Simultaneous with the December, 1956, conviction his license to drive was suspended for twelve months.

In February, 1958, appellee made application for renewal of his operator's license, which had originally been issued on March 1, 1943. On February 26, 1958, the Department refused to renew the license, saying:

"Your permanent driver record, which the Department is required by law to maintain, reveals that you have been convicted on repeated occasions for driving while intoxicated.

"Therefore, by authority of Article 6687b, R.C.S., Section 4, Par. 9, your privilege to operate a motor vehicle is being denied, since, in the opinion of the Department your operation of a motor vehicle would be inimical to public safety and welfare."

When the application was denied appellee went to his lawyer, Allen Harp of Childress for advice and he told him he would file a petition in County Court to require that the license be issued. Because Mr. Harp was busy with other matters he did not get the petition filed within the thirty days provided in Section 31 of the above named article, so on April 4, some 37 days after the Department's refusal to renew the license he made another application, accompanied it with the required fee and wrote a letter of explanation which explained he was making application for renewal of the license and sending his check to cover the fee. Following the April 4 application the Department, on April 14, 1958, wrote Mr. Harp, "we find official denial of his license was made on February 26, 1958. * * * Since official denial action was taken on February 26, 1958, we find it necessary to return your personal check in the amount of $3.00".

On April 19, 1958, petition was filed in the County Court seeking an adjudication of appellee's right to the license. After proper notice given the Department it filed a Plea in Abatement and Plea to the Jurisdiction of the County Court based upon the allegation that appellee was required to file his petition within thirty days from the February 26, refusal and therefore he was precluded from having a hearing in the County Court. Said court overruled the special pleas and heard evidence, with all parties legally represented. In its judgment the court found that application was made for renewal of the license on April 4, denied by the Department on April 14, and that appellee appealed to the County Court of Childress County from said denial on April 19, 1958, the same being within thirty days after the denial of petitioner's application.

We believe the trial court was correct in overruling appellant's Plea in Abatement and Plea to the Jurisdiction of the Court. The record is clear to us that the application of April 4 was a completely new application. It was filed subsequent to the thirty-day period following the first application. We find no limitation of time provided in Article 6687b in which a second application may be filed unless it may be said the thirty-day period provided in Section 31 of the Act in which an appeal may

be perfected to the proper court is a period of limitation. If it should be said to be a limitation it is not applicable to this case because the second application was after the thirty-day period following the refusal to renew on the first application.

The facts heard by the court showed appellee did not have a collision in connection with any of his convictions for driving while intoxicated; that since his last conviction he had not been drunk; had not had a drink of alcoholic beverages in more than a year; was a careful driver; had made to his church his acknowledgement of past errors and been reinstated into full fellowship again; and had been elected a director of the Scottish Rite Association of Childress.

The Department's letter of April 14, denying the April 4, application was in part as follows:

"In reviewing Mr. Pryor's permanent driver record file, we find official denial of his license was made on February 26, 1958 * * *.

"Since official denial action was taken on February 26, 1958, we find it necessary to return your personal check in the amount of $3.00."

The tenor of this letter indicates the Department took the position that once denied, always, they having stated "official denial of his license was made on February 26, 1958" and "Since official denial was made on February 26, 1958, we find it necessary to return your personal check * * *" This attitude leaves out completely the well known fact, of which we may take judicial knowledge, that people reform. They do so by embracing the tenents of secular organizations such as Alcoholics Anonymous and renewing their former pledges or making new pledges to religious organizations and to their Lord. (Emphasis added.)

By briefs herein all parties admit the substantial evidence rule was applicable, the appeal having been from an administrative agency. In considering such an appeal, Texas Dept. of Public Safety v. Azar, Tex.Civ.App., 274 S.W.2d 911, 912, the El Paso court, speaking through Justice Hamilton now of our Supreme Court said, "Since no findings of fact or conclusions of law were filed we must assume that the court in rendering its judgment found either that the Department did not have substantial facts upon which to base its action in refusing the renewal of appellee's license, or it acted arbitrarily in the matter."

When the above rule is applied to our case we have no alternative except to affirm the judgment of the County Court of Childress County, which is accordingly done.