

THE ATTORNEY GENERAL

OF TEXAS.

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 22, 1959

Honorable Homer Garrison, Jr.
Director
Department of Public Safety
Box 4087 North Austin Station
Austin, Texas

Opinion No. WW-631

Re: Does the Department of
Public Safety have author-
ity to deny the renewal of
an operator's, commercial
operator's, or chauffeur's
license without a hearing
when the licensee has an
accumulation of numerous
incidents of traffic law
violations recorded on
his driving record, and
related questions.

Dear Colonel Garrison:

In your letter of October 16, 1958, you set out the
following proposition:

"The Department's problem in this respect arises
from language which appears in the case of Texas
Department of Public Safety v. Azar, 274 S.W.2d
911 (n.r.e.). It is contended by some that the
Azar case prohibits the Department from ever re-
fusing to renew a license if the applicant can
successfully pass the prescribed examination.
Others say that the Azar case has been miscon-
strued and has been limited by subsequent
decisions so that the Department can refuse to
renew any license so long as the refusal is based
upon substantial evidence and the Department's
action is not arbitrary nor capricious. Still
others feel that the Azar case denies the Depart-
ment authority to refuse to renew when there has
been no prior affirmative finding that the
applicant is an habitual violator of the traffic
laws, but would not prohibit the Department from
refusing to renew a license if there exists an

unvacated affirmative finding pursuant to Section 22 of Article 6687b."

In view of the foregoing, you request our opinion on two questions. The first question is as follows:

"1.  Does the Department of Public Safety have authority to deny the renewal of an operator's, commercial operator's, or chauffeur's license without a hearing when the licensee has an accumulation of numerous incidents of traffic law violations recorded on his driving record?"

Section 4 of Article 6687b, Vernon's Civil Statutes, sets out who may be licensed:

"The Department shall not issue any license hereunder:

"1.  . . . A license shall not be issued to any applicant who has not passed the examination required in Section 10 of this Act. . . .

".  . .

"9.  To any person when the Department has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare."

Article 6687b does not have any provision for automatic renewal of a license once it has been issued -- the only provision is for issuance of new licenses. However, we understand that it has been the consistent Departmental policy for a number of years to reissue licenses upon application and payment of a fee, unless some special action is, in the opinion of the Department, called for.

The cases arising from Departmental action in refusing to reissue licenses under Section 4, either state or imply that the Department may exercise its own discretion in issuing licenses.

". . . The law provides that the department shall have the power to examine applicants for such license and refuse to issue license to any person who fails to successfully pass such examination, or if it is found that the

granting of the license would be inimical to public safety." Department of Public Safety v. Robertson, 203 S.W.2d 950. (Emphasis added)

"A refusal by the Department to renew a license is authorized by Art. 6687b, Secs. 4 and 18. . . . The statute does not put a limit on how long the Department may hold up the renewal of a license. . . ." Hoover v. Texas Department of Public Safety, 305 S.W.2d 228.

"Section 9 /of Section 4/ of Article 6687b, vests the Department with the discretion to grant or refuse a license, under appropriate sets of facts. . . ." Texas Department of Public Safety v. Jackson, 272 S.W.2d 577.

The Department's action in refusing to reissue a license is subject to judicial review under Section 31 of Article 6687b to determine if such act was supported by substantial evidence.

The Department has discretion as to whom it will issue (or reissue) a license. However, in the exercise of this discretion the Department may not act in an arbitrary and capricious manner; i.e. in a manner unsupported by substantial evidence. Upon appeal, whether the Department did so act is a matter of law, and is not for jury determination. (See Department of Public Safety v. Robertson, supra, and cases cited therein.)

The cases reflect that the courts will not consider an applicant's past driving record, standing alone, as sufficient grounds to meet the test of substantial evidence in support of the Department's action.

". . . This attitude leaves out completely the well known fact, of which we may take judicial knowledge, that people reform. They do so by embracing the tenant of secular organizations such as Alcoholics Anonymous and renewing their former pledges or making new pledges to religious organizations and to their Lord." Texas Department of Public Safety v. Pryor, (January, 1959) 321 S.W.2d 99.

Whether the Department afforded the licensee an opportunity for a re-examination in support of his application,

whether such was requested by the applicant, and the result of the examination if given are facts considered by the Courts in addition to the applicant's past driving record in testing the reasonableness of the Department's action.

> ". . . It has been held that when the Department is presented with an application for a renewal of a license, the Department <u>must</u> either grant the renewal license, or <u>require</u> the applicant to take another driver's examination." <u>Hoover v. Texas Department of Public Safety</u>, 305 S.W.2d 228. (Emphasis added).

In <u>Garrison v. Smith</u>, 306 S.W.2d 244, <u>Hoover v. Texas Department of Public Safety</u>, 305 S.W.2d 228, <u>Department of Public Safety v. Robertson</u>, 203 S.W.2d 450, the courts considered whether the Department afforded the applicant an opportunity for a re-examination, whether the same was requested by the applicant, and the result of same in arriving at its conclusion of law as to whether the Department's action was supported by substantial evidence.

In our opinion, upon appeal it must be shown that the Department afforded each applicant an opportunity for a re-examination before a reissuance request is denied; and, that unless such is done, the Department's refusal to reissue will be held to be arbitrary and capricious. If the Department has afforded the applicant an opportunity for a re-examination, and the applicant refuses to take it or fails to take it, then such fact may be considered in connection with the applicant's past driving record as evidence as to the reasonableness of the Department's action. This was done in <u>Department of Public Safety v. Robertson</u>. We point out in this connection that when an examination is offered, the applicant's past driving record is not standing alone, but is coupled with the additional fact of whether the applicant would or would not take an examination.

Of course, if an applicant for reissuance is afforded the opportunity of taking the examination and should fail the examination, then, the applicant is not entitled to a license by the very terms of Subsection 1 of Section 4 of Article 6687b.

Each of the above cases has been determined on specific facts and circumstances which compelled the individual decisions, and no case, with the exception of <u>Texas Department of Public Safety v. Azar</u>, 274 S.W.2d 911, has ever directly passed upon the whole question in one decision.

We are of the opinion that the Azar case, in principle, is in full accord with the underlying principles established by the other cases cited in this opinion; and, in our opinion, controls the determination of the questions you have presented. It should be recalled that in the Azar case no findings of fact or conclusions of law were requested and none were filed by the court. The controlling question and the only actual point necessary for the decision is set out in the language of the court as follows:

> ". . . Since no findings of fact or conclusions of law were filed we must assume that the court is rendering its judgment found either that the Department did not have substantial facts upon which to base its action in refusing the renewal of appellee's license, or it acted arbitrarily in the matter." (Emphasis added)

The Azar case establishes that the Legislature did not intend that the Department could refuse to reissue a license regardless of whether the applicant could qualify by passing the examination given by the Department, just because of previous violations of law. Rather, the court indicated that had the Department granted the appellee an examination and had the appellee passed it, she would have been entitled to have her license reissued.

The court concluded its opinion with this statement:

> ". . . The appellee having properly filed her application with the Department before the expiration date of her old license, the Department, not having requested an examination, had no other alternative than to grant a renewal of her license." (Emphasis added)

Even though the court, in our opinion, erroneously cited Section 18 of Article 6687b in its opinion, the opinion clearly indicates the reasoning of the court. Whether this citation is correct is immaterial, because the opinion conforms to the general propositions as decided in other cases cited herein. The opinion says, in part:

> ". . . The only restriction that may be placed on the renewal of a license, according to the statutes, is that the department may refuse to renew the license without an examination, if it has reason to believe that licensee is no longer

qualified.  It is our opinion that the Depart-
ment acted arbitrarily and without sufficient
facts in refusing to renew the license <u>without
giving the applicant an opportunity to be
re-examined</u> so the Department could determine
from that examination whether or not the
appellee was qualified to operate an automobile."
(Emphasis added)

It is clear from the <u>Azar</u> case that the Department
does have discretion as to whether it will reissue a license,
but that in testing such discretion, the courts will inquire
into whether the Department afforded the applicant an oppor-
tunity for a re-examination.

In answer to your first question, in our opinion
the Department may not refuse to reissue a license solely
and exclusively upon the ground of the licensee's past driving
record, but the Department must afford the applicant an
opportunity to take a re-examination.  If the examination is
passed, the Department would be guilty of an arbitrary and
capricious action if it refused reissuance.  If the appli-
cant does not pass the examination, a license should be
refused.  If the licensee refuses to take the examination,
this fact, coupled with the past driving record of applicant,
can be considered in testing the reasonableness of the
Department's action.

In this connection, we should state that in order
for the Department to sufficiently meet its burden, an
applicant must be informed that he is afforded the oppor-
tunity of taking a re-examination, and if successful, will
have his license reissued.  In several of the cases cited
above, letters from your Department informing the applicant
of the denial and the fact that it is an offense to operate
a motor vehicle without a valid license were set out.  In
our opinion an additional paragraph on such letters fully
stating the applicant's right to take a re-examination would
be sufficient notice of such fact.

The second question is as follows:

"2.  Does the Department of Public Safety
have authority to deny renewal of an
operator's, commercial operator's, or
chauffeur's license without a hearing when
the licensee has an accumulation of num-
erous incidents of traffic law violations
recorded on his driving record <u>when there</u>

<u>exists an unvacated affirmative finding,</u>
pursuant to Sec. 22 of Art. 6687b, that
the applicant is an habitual violator of
the traffic laws?"

You use the term "unvacated affirmative finding".
We shall assume you inquire of a situation wherein a hearing
had been held under Section 22, which resulted in an affirm-
ative finding that the licensee was an habitual violator of
the traffic laws, but before the licensee could perfect his
appeal or before the Department could suspend the license,
the license expires by virtue of Section 18. We shall limit
this portion of our opinion to such situation.

It is settled that the suspension of an existing
license (under Section 22) and the reissuance of a license
(under Section 4) are separate and distinct, involving
different issues and different statutory procedures. (<u>Hoover</u>
<u>v. Texas Department of Public Safety</u>, 305 S.W.2d 228). It is
equally well settled that where a license expires by virtue
of Section 18 during the Section 22 suspension procedure or
the appeal therefrom, the procedure and the questions under
consideration become moot. (<u>Boston v. Garrison</u>, 152 Tex.
253, 256 S.W.2d 67 (1953)).

Section 22 has a rather complicated provision for
appeals of an affirmative finding <u>before</u> the Department may
act. After the Department acts, another appeal from the
order of the Department is provided by Section 31. Since the
expiration of a license during the Section 22 procedure (from
initial hearing until the ultimate appeal becomes final) makes
such procedure moot, we feel that the Department could not
utilize a portion of that procedure (the finding of a hearing
officer) to support an entirely different statutory action.
While it is true that such a finding might lend some slight
support to the Department's position, we do not feel that a
moot finding which the licensee could no longer test in
court, would authorize Departmental action.

In our opinion, when the licensee's license expires
during a Section 22 procedure, the Department is relegated
to issuance or refusal of a new license as set out in our
answer to Question No. 1 above, and the existence of a moot
affirmative finding concerning the licensee would be im-
material.

## SUMMARY

The Department of Public Safety does not have authority, under Article 6687b, Vernon's Civil Statutes, to deny the reissuance of an operator's, commercial operator's, or chauffeur's license without affording the licensee an opportunity to take an examination; the applicant's past driving record standing alone will not justify the Department refusing to reissue a license; the fact that there is an unvacated affirmative finding under Section 22 is immaterial to the Department's authority to reissue licenses.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Tom I. McFarling
Assistant

By Leon F. Pesek
Assistant

TIM:me:sd

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

L. P. Lollar
Leonard Passmore
Joe Allen Osborn
James Daniel McKeithan

REVIEWED FOR THE ATTORNEY GENERAL
By:  W. V. Geppert