TEXAS DEPARTMENT OF PUBLIC SAFETY V. ROLAND MAX PRYOR.

No. A-7227. Decided October 7, 1959.
(329 S.W. 2d Series 85)

*Charles L .Reynolds,* County Attorney, of Childress, for petitioner.

*Allen Harp,* of Childress, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

1 This cause was appealed from a judgment of the County Court of Childress County, Texas, ordering the Department of Public Safety to issue to respondent, Roland Max Pryor, a commercial operator's license. This case involved the construction of Article 6687b, Sec. 4-9 and Sec. 31, Vernon's Ann. Texas Civ. Stats., and upon that ground we have jurisdiction to dispose of the cause.

Respondent, Roland Max Pryor, was originally issued a commercial operator's license on March 1, 1943. On March 19, 1948 he was involved in a motor vehicle accident at Amarillo, Texas, resulting in a 60-day suspension of his license. On March 10, 1954 he was convicted of driving while intoxicated and his license was suspended for six months. On September 27, 1954 he was again convicted of driving while intoxicated and his license was suspended for one year from September 27, 1955,

the termination date of his previous suspension. On December 20, 1956 he had another conviction for driving while intoxicated and another twelve months suspension of his driver's license.

In February, 1958 Pryor made application for the renewal of his license. On February 26, 1958 the Department of Public Safety refused to renew his license because of his record and because, in the opinion of the Department, his operation of a motor vehicle would be inimical to public safety and welfare. On receipt of the letter from the Department denying the application to renew, Pryor went to his attorney who advised Pryor to file a petition in the County Court of Childress County (Pryor's home county) to require the Department to issue renewal of the license. The attorney was busy with other matters and did not get the petition filed within the 30 days required by Sec. 31 of Art. 6687b. On April 4, 1958, the attorney wrote a letter to the Department in which he explained the reason for not appealing to the County Court within the 30-day period. He also stated, "enclosed herewith is Mr. Pryor's application for a commercial operator's license" and sent a check for the $3 fee prescribed by statute. He also asked for immediate action on the application in order that Pryor might speedily pursue his legal remedy. On April 14, 1958 the Department answered this letter and told the attorney it had officially denied Pryor his license as of February 26, 1958 and returned the $3 check. On April 19, 1958 Pryor filed his action in the County Court of Childress County seeking to have his license issued. To this action the Department answered by a plea in abatement and plea to the jurisdiction of the County Court. This plea was based upon the contention that Pryor could not further litigate his right to a license because Art. 6687b, Sec. 31, requiring an appeal within 30 days, had not been complied with.

There was a trial in the County Court without a jury, and the trial court held that the appeal having been filed within 30 days from the Department's denial on April 14, 1958 of Pryor's application made on April 4, such appeal was filed in time and gave the County Court jurisdiction. The trial court also found from the evidence introduced that Roland Max Pryor was entitled to a commercial operator's license and abated the suspension of his license. On appeal by the Department the Court of Civil Appeals affirmed the trial court's judgment. 321 S.W. 2d 99.

2   The question as to the suspension of Pryor's commercial operator's license has been moot since February 28, 1958, the date of expiration of his 1957-1958 license. Art. 6687b, Sec. 18(d)

provides that a commercial operator's license shall expire one year after its issuance, and shall be renewable on or before its expiration date. There has been no appeal from the Department's action of February 26, 1958. Boston v. Garrison, 1953, 152 Texas 253, 256 S.W. 2d 67 (1).

The Department contends that the application of Pryor submitted on April 4, 1958 was an attempt to appeal from its denial of February 26, 1958, and that Art. 6687b contains no provision for any appeal other than the appeal provided in Sec. 31. This appeal not having been perfected, it is the Department's position that Pryor's application of April 4, 1958 was of no force and effect and required no further action by the Department. Pryor's position is that he did not appeal from the Department's action of February 26th, but that his application to secure a new commercial operator's license on April 4, 1958 was a proceeding *ab initio* to secure his commercial operator's license. This application was denied on April 14, 1958, according to Pryor's contention, and it is from this action that he perfected his appeal on April 19, 1958 by filing his petition in County Court. This petition was filed well within the 30-day period from theDepartment's letter of April 14, 1958. Texas Department of Public Safety v. Jackson, Texas Civ. App. 1954, 272 S.W. 2d 577, no writ history.

3 Pryor's application of April 4, 1958 for a commercial operator's license was not an appeal from the Department's action of February 26, 1958 as it was filed more than 30 days from such action. His old license had expired on February 28, 1958, and, having expired, it could no longer be renewed, but he must make application for a new commercial operator's license under the provision of Sec. 6, Art. 6687b and other appropriate articles. The Department has never acted on this application. Its letter to Pryor's attorney dated April 14, 1958 was not a denial or an approval of that application. It merely reiterated the Department's actions on the application for renewal of the license. Not having taken any final action on the application Pryor could not appeal. A decision by the Department must be made before an appeal can be taken. The Department has never examined Pryor under his new application as is provided in Sec. 10 of Art. 6687b. The application is still pending before the Department for action under Sec. 6 of Art. 6687b and other applicable provisions.

The trial court erred in not sustaining the Department's plea in abatement and the Court of Civil Appeals erred in affirm-

ing that judgment; therefore, the judgment of the Court of Civil Appeals is reversed and this cause is remanded to the trial court with instructions to dismiss at the cost of Pryor.

Opinion delivered October 7, 1959.