### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

### John Herbert TOUCHSTONE, Appellee.

### No. 4004.

Court of Civil Appeals of Texas.

Eastland.

Jan. 14, 1966.

---

Joe Resweber, County Atty., Houston, for appellant.

Dan Walton, Lockett, Brady, Walton & Hooey, Houston, for appellee.

WALTER, Justice.

This is a driver's license suspension case. On March 8, 1963, John Herbert Touchstone's operator's license was suspended for twelve months. On September 26, 1963, he was convicted of the offense of driving an automobile without an operator's license in the Corporation Court of the City of Houston. After an administrative hearing in the Corporation Court the Department extended the period of suspension for an additional twelve months as provided for in Section 24(c) of Article IV of Article 6687b of Vernon's Ann.Tex.Civ.St. Touchstone perfected an appeal from this suspension order to the County Court.

The court overruled the Department's motion for summary judgment and granted Touchstone's motion for a summary judgment. The Department has appealed. It contends that the court erred in granting Touchstone's motion and in overruling its motion because the record established that there were no genuine and material issues of fact and it was entitled to a judgment as a matter of law and that Touchstone was not. The Department also contends that there was a genuine and material issue of fact as to whether Touchstone's Texas operator's license was in existence at the time of its suspension.

In Touchstone's amended motion for a summary judgment he attached his affidavit that he was granted a driver's license on August 2, 1944; that such privilege to drive ceased to exist on January 29, 1961, and his license expired on such date; that he did not have a driver's license from January 29, 1961, to the end of that year nor at any time during 1962 or 1963 and that he did not operate a motor vehicle on or about September 1, 1963, as alleged in the Department's original answer and cross action.

The Department supported its motion for summary judgment with the affidavit of a custodian of the records of the Drivers and Vehicle Division of the Department of Public Safety which revealed that Touchstone, the holder of operator's license number 0493038, renewed his license on the 28th day of April, 1964, which renewed license was to expire on the 28th day of April, 1966 and that proper timely notice of the administrative hearing was sent to Touchstone by certified mail. The Department also attached a certified copy of notice of conviction of Touchstone on September 1, 1963, of the offense of driving without a Texas Operator's License.

Appellee's position is that so long as he did not have a driver's license, the Department had no authority to issue an order suspending a non-existent license.

Our Supreme Court in Texas Department of Public Safety v. Pryor, 160 Tex. 178, 329 S.W.2d 85 said:

"The question as to the suspension of Pryor's commercial operator's license has been moot since February 28, 1958, the date of expiration of his 1957–1958 license. Art. 6687b, Sec. 18(d) provides that a commercial operator's license shall expire one year after its issuance, and shall be renewable on or before its expiration date.".

Article 6687b, Sec. 18(c) provides that "all licenses issued under this article shall expire two years from date of issuance."

 We hold that existence of a license at the time of its attempted suspension is a prerequisite thereto. In Trinity Universal Insurance Company v. Horton, Tex., 363 S.W.2d 376, (no writ history), the court said:

"On the hearing of a motion for a summary judgment the court must determine whether there is any issue of fact to be tried. The court cannot weigh the evidence, determine the credibility of the witnesses and try the case on affidavits. All doubts as to the existence of a genuine issue as to a material fact must be decided against the party moving for a summary judgment. The court must accept as true all evidence of the party opposing such a motion which tends to support his contention and must give him the benefit of every reasonable inference which may be drawn therefrom. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Box v. Bates, 162 Tex. 184, 346 S.W.2d 317."

The Supreme Court in James T. Taylor and Son, Inc. v. Arlington Independent School District, 160 Tex. 617, 335 S.W.2d 371 said:

"The general rule is that the testimony of an interested witness does no more than raise a fact issue to be determined by the jury."

 Mr. Joe D. Vorskey, Deputy Custodian of Records of the Department of Public Safety filed an affidavit in which he stated, in effect, that the appellee was the holder of a Texas operator's license. The appellee was an interested witness. When we consider the record in the light of the rules we are to follow in summary judgment cases, we cannot say that the appellee conclusively established that he was not the holder of an operator's license at the time of its attempted suspension.

The judgment is reversed and the cause is remanded.