SCHALLERT v. BOYD. (No. 6047.)

(Court of Civil Appeals of Texas. San Antonio. May 22, 1918.)

1. APPEAL AND ERROR ⬯692(1)—SUFFICIENCY OF BILL OF EXCEPTIONS.

Where the exclusion of a statement of account and the refusal to permit witness to testify as to items thereof are assigned as error, the assignments will be overruled, where bills of exception do not contain statement or show what witness would have testified to; the court being unable to ascertain if error was prejudicial.

2. APPEAL AND ERROR ⬯1064(2)—HARMLESS ERROR—INSTRUCTIONS.

An instruction, intimating that indebtedness chargeable against partnership property did not exceed certain amount, although on weight of evidence, was harmless, where appellant, who was accountable for partnership property, failed to specify in his statement any evidence from which jury could have found amount to be greater.

3. APPEAL AND ERROR ⬯213, 882(14)—PRESERVATION OF OBJECTION—SUBMISSION OF ISSUE TO JURY.

The sufficiency of evidence to justify submission of an issue to the jury will not be reviewed on appeal, where no objection to the sufficiency of such evidence was made at time of submission of issue, and where appellant asked for charge on burden of proof thereon.

4. PARTNERSHIP ⬯249—DEATH OF PARTNER—RIGHTS OF SURVIVING PARTNER.

A surviving partner has no right to keep and refuse to sell partnership property, and thus avoid accounting to heirs of deceased partner.

Appeal from Nueces County Court; David M. Picton, Jr., Judge.

Action by Mrs. V. L. Boyd as surviving wife and as guardian against Robert Schal-

lert. Judgment for plaintiff, and defendant appeals. Affirmed.

Pope & Sutherland, of Corpus Christi, for appellant. Suttle & Todd and Dawson & Anderson, all of Corpus Christi, for appellee.

MOURSUND, J. Mrs. V. L. Boyd, as the surviving wife of V. L. Orr, deceased, and as guardian of the estates of the minors, Mary, Vallie B., Zanna, Lillian, and Dora Orr, sued Robert Schallert, to recover $815, claiming $750 to be due as one-half the value of 12 mules in the possession of defendant, belonging to a partnership composed of V. L. Orr, deceased, and said Schallert, and the sum of $65 as the value of a cow or calf presented by Schallert to one of the minors, and afterwards taken by him from the possession of such minor. The trial resulted in a verdict and judgment for $815.

[1] By the first five assignments complaint is made of the exclusion of evidence. The first relates to a certain statement of items of the partnership account, and the second to the refusal to permit a witness to testify as to the items contained in such statement. The bills of exception do not contain the statement, and we are left to infer that injury might have resulted from its exclusion. Assignments 3, 4, and 5 relate to the exclusion of evidence of value of the mules, but the bills of exception fail to show what the witnesses would have testified, and therefore fail to show reversible error. As we are unable to determine from the bills of exception whether any of the rulings were prejudicial to appellant, all of such assignments are overruled. Pridham v. Weddington, 74 Tex. 354, 12 S. W. 49; Shippers Co. v. Davidson, 35 Tex. Civ. App. 558, 80 S. W. 1032.

[2] By the sixth assignment a paragraph of the charge is complained of as being upon the weight of the evidence, in that it would indicate to the minds of the jury that the indebtedness which would be a legal charge against the partnership, and to be deducted from the value of the firm property sued for by plaintiff, did not exceed $300. The charge is unusual, but was drawn in an effort to follow the pleadings of the plaintiff in which it was stated that the expenses of the partnership other than the amount paid for stock did not exceed $300, but it was not admitted that the same amounted to such sum. The charge really places the burden on plaintiff to show that the debt of the firm, or rather the amount chargeable against the firm, did not exceed $300; and unless the jury so found, the plaintiff had not made out a case. Of course, the defendant was not injured if the charge be viewed in that light. On the other hand, if it be construed as an intimation that the sum thus chargeable did not exceed $300, the defendant shows no injury, for he fails to point out in his statement

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

any testimony from which the jury could have found a greater sum to be thus due than such sum of $300. In fact the statement shows that appellant contends he was deprived, by excluding his evidence, of. th right to prove that such expenses, exceeded $300. Of course the charge must be judged by the evidence admitted, and not by that excluded. Appellant's brief shows no error such as would require a reversal of the judgment, and the assignment is overruled.

[3, 4] By the seventh assignment it is contended no testimony was introduced showing that Schallert ever disposed of the mules on hand at Orr's death, and showed that plaintiff could have no interest until the mules were disposed of at a profit; that Schallert did not agree to purchase any mules belonging to the partnership. The proposition is abstract, and we are at a loss to comprehend exactly what appellant contends. The assignment amounts to a contention evidently that the evidence was insufficient to justify submitting the issues to the jury in so far as they related to the partnership business. However, as no objection was made to such submission, except as to the form, and defendant asked a special charge on the burden of proof, it appears that he is in no position to contend that there was no evidence to go to the jury. Modern Woodmen v. Yanowsky, 187 S. W. 728, and cases therein cited. There can be no merit in the contention that Schallert could keep the mules as long as he wanted to after the death of his partner, and thus avoid accounting for the profits made in the conduct of the partnership business.

The judgment is affirmed.