THEODORE BOSTON V. HOMER GARRISON, JR., ET AL.

No. A-3912. Decided March 11, 1953.
Rehearing overruled April 15, 1953.
(256 S.W. 2d Series 67)

*Cole, Patterson, Cole & McDaniel,* and *Bennett B. Patterson,* all of Houston, for appellant.

*John Ben Sheppard,* Attorney General, *Milton Richardson,* Assistant Attorney General, for appellees.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

This suit was filed in the District Court by appellant Theodore Boston, who had held a chauffeur's license, against the Department of Public Safety of the State, Homer Garrison, Jr., the Director of the Department, and A. F. Temple, Chief of the Drivers License Division. Appellant attacks as unconstitutional on many grounds several sections, particularly Sections 22 to 31, of Article IV of the Drivers License Law, being Chapter 173, Acts Regular Session, 47th Legislature (1941), pp. 245 and following, and appearing in Vernon's Annotated Civil Sta-

tutes as Article 6687b. The suit as first filed sought to restrain defendants from suspending the plaintiff's license, but before the case came to trial the license expired and the plaintiff by amendment attacked also the Department's action in refusing to renew his license or to issue him a new license, and sought relief from that action. The District Court, after trial without a jury, rendered judgment that Article 6687b of Vernon's Annotated Civil Statutes is valid and constitutional, that "the permanent injunction and all other relief sought herein" be denied, and that the plaintiff take nothing by his suit. This appeal is taken from that judgment. The following is a statement of the facts out of which the suit grew, as shown by a stipulation in the transcript, and of the substance of the plaintiff's petition:

On October 3, 1951, the Department issued a chauffeur's license to appellant. According to Section 18, Subdivision (d) of the Act, a chauffeur's license expires one year from the date of its issuance. The Director of the Department on March 18, 1952, summoned appellant to appear before the corporation court of the City of Houston on April 7, 1952. A hearing was had before the judge of that court, and on May 20, 1952, he made an affirmative finding that appellant was a habitual violator of the traffic law and had been responsible for accidents resulting in serious property damage, setting out in the finding a list of twenty-seven violations of the traffic law by appellant from November, 1941, to August, 1951. Pursuant to the report of the finding the Department, on May 26, 1952, made an order suspending appellant's license for a period of six months from May 20, 1952. Appellant on June 11, 1952, filed suit in the County Court at Law of Harris County as an appeal from the order suspending his license. That suit is still pending.

Prior to October 3, 1952, appellant made application to the Department for a renewal of his license and "attempted to apply in the form and manner required by the statute", and offered to pay a fee of $3.00 for the renewal. The Department on October 21, 1952, denied the application, stating in its letter to appellant that the application was denied "due to numerous traffic violations being recorded on your driving record, as in the opinion of the Director your operation of a motor vehicle is inimical to public safety and welfare", and advising appellant that operating a motor vehicle without having a valid driver's license in his possession is a violation of the law. The record does not show that appellant requested an examination or submitted himself for examination when he applied for a renewal of his license, or that the Department waived examination of

him. The stipulation contains the statement that the Department made no request that he be examined or re-examined.

On November 8, 1952, appellant, pursuant to Section 31 of the Act, filed suit in the County Court at Law of Harris County appealing from the order of the Department which had denied his application for the renewal of his license. That suit is still pending.

Appellant's trial petition filed in the District Court in this cause alleges somewhat more fully the facts set out above, and it alleges that the order of the Department suspending his license was void and of no effect because several of the sections of the Act pursuant to which the order was made are unconstitutional and void on many grounds set out at length in the petition. The petition alleges that the order of the Department denying appellant's application for renewal of his license was void and of no effect for the same reasons as alleged with respect to the order suspending the license, and further because the order was arbitrary and in violation of due process, and because the sections of the Act under which the order was made are unconstitutional and void on various grounds fully set out.

The greater part of the prayer of the petition has reference to the suspension of appellant's license. It prays that the defendants be permanently enjoined from taking further steps for the suspension of plaintiff's license and permanently enjoined from any action under the statute for the purpose of suspending or attempting to suspend it. With reference to the renewal of petitioner's license the prayer is that the court issue a temporary injunction "ordering the said defendants to issue a renewal license or a provisional license" to the plaintiff pending the final trial of this cause in the Supreme Court, and pending the disposition of the case which was appealed to the County Court at Law of Harris County; and there is the further prayer that upon the hearing of this cause "the Court will restrain the said defendants from cancelling plaintiff's license or revoking it or refusing to issue the same to plaintiff", and the further prayer "that mandatory injunction shall issue requiring the defendants to issue plaintiff's renewal license or provisional license" pending the trial of this cause and pending the trial on the merits of the case appealed to the County Court at Law.

■ The case in so far as it relates to the order of the Department suspending appellant's license is moot, and was moot

when the case was tried in the District Court. Appellant's license was issued October 3, 1951, and since it was issued and could be issued under the Act for a period of only one year, it expired by its own terms on October 3, 1952, regardless of the validity or invalidity of the Department's order made May 26, 1952, suspending the license. Appellant recognized this to be true when, a short time before October 3, 1952, he made application for a new or renewal license.

■ The appeal taken by appellant on June 11, 1952, to the County Court at Law from the order suspending his license did not have the effect of extending the license beyond the one year for which it had been issued. Section 31 of the Act, which authorizes appeal from orders denying, cancelling or revoking a license, provides that the license shall not be suspended pending the appeal, and further provides that in cases of suspension the filing of the petition on appeal shall abate the suspension until trial shall be consummated and final judgment thereon had. But there is no provision in this section or elsewhere in the Act that the appeal shall extend the life of the license beyond the term for which it was issued. And there is no provision that in cases of the denial of an application for a license appeal shall permit the applicant to operate a motor vehicle without license pending the appeal.

The part of the case which complains of the order suspending the license and seeks relief from that order being moot, there remains the part of the case which complains of the Department's refusal to issue a renewal of the license, and which seeks an order or judgment requiring or compelling the issuance of a renewal license.

■ An amendment to the Constitution, being Section 3b of Article V, authorized the Legislature "to provide by law, for an appeal direct to the Supreme Court of this State from an order of any trial court granting or denying an interlocutory or permanent injunction on the grounds of the constitutionality or unconstitutionality of any statute of this State, or on the validity or invalidity of any administrative order issued by any state agency under any statute of this State." The statute, Article 1738a, Vernon's Annotated Civil Statutes, enacted pursuant to the amendment of the Constitution, uses substantially the same language as that of the amendment, and Rule 499a adopted by the Supreme Court follows rather closely the terms of the Constitution and the statute, emphasizing the limitation of the

jurisdiction by direct appeal to cases involving questions of constitutionality of a statute or validity of an administrative order of a state agency in which the appeal is from an order granting or denying an interlocutory or permanent injunction. Direct appeal to .the Supreme Court is not authorized by the Constitution, the statute, or the rule, from orders granting or denying mandamus.

■ In our opinion the order or judgment of the District Court from which the appeal was taken herein was not an order denying an interlocutory or a permanent injunction, but was an order or judgment denying or refusing mandamus. In considering the meaning and effect of the order or judgment from which the appeal was taken and the substance and purpose of the prayer for relief, we do not look to that part of the case which sought relief from the order suspending the license. That part of the case, as has been said, was moot when the case was tried.

The prayer of the petition with reference to renewal of appellant's license is in substance that the court issue injunction ordering the defendants to issue a renewal license, and that the court restrain the defendants from refusing to issue a renewal license to the plaintiff. Thus the prayer is in purpose and in substance that the court compel the defendants to issue a renewal license. To restrain the defendants from refusing to issue a renewal license is to require or compel them to issue it. The suit is not to prevent or restrain action or threatened action on the part of the defendants. It is to require or compel action. The trial court's judgment is that the "permanent injunction" and all other relief sought be denied and that the plaintiff take nothing by this suit. This does not mean that injunction as distinguished from mandamus has been denied. The relief sought by the plaintiff being mandamus, the judgment, although using the words "permanent injunction," is a denial of the relief sought and means that mandamus has been denied.

There is a well defined difference between injunction and mandamus. One is preventive and the other remedial. "The functions of an injunction are to restrain motion and to enforce inaction, those of mandamus to set in motion and to compel action." High's Extraordinary Legal Remedies (3d Ed.) p. 10, Sec. 6; see also Callaghan v. McGown, 90 S. W. 319, application for writ of error refused; King v. Moorhead, 203 S. W. 940; Ferris' Extraordinary Legal Remedies, pp. 224-225, Sec. 193; Spelling's Extraordinary Relief, Vol. 2, pp. 1113-1114, Sec.

1368; Joyce on Injunctions, Vol. 1, pp. 17-18, Sec. 9. The purpose of appellant's suit and the relief sought are to compel the defendants to issue a renewal license to him, not merely to restrain action on the part of the defendants.

Lane v. Ross 151 Texas 268, 249 S. W. 2d 591, is a decision in which a question of jurisdiction was determined on account of the difference between the two forms of relief. That was an original proceeding in the Supreme Court against the Secretary of State. Two lists of delegates to the Republican State Convention from each of six counties had been filed with the Secretary of State. The relators, claiming that the delegates on their list had been lawfully selected and that those on the other list had not been, prayed in their petition that the respondent, the Secretary of State, be ordered and commanded to transmit their list of delegates to the Chairman of the Republican Executive Committee and that the respondent "be ordered and commanded not to transmit to the Chairman of the Republican Executive Committee" the other list of delegates. Because it was admitted in the argument that respondent had not refused to send relators' list to the Chairman, but intended to send it, the court held that mandamus would not issue to compel him to do what he had not refused to do. As to the part of the petition praying that the respondent " 'be ordered and commanded not to transmit' " the other list, the court held that the relief sought was purely injunctive and would not be granted because the court has no original jurisdiction to issue a writ of injunction. In that case there was jurisdiction to issue the writ of mandamus but no jurisdiction to issue a writ of injunction, and because of the want of jurisdiction the injunctive relief was denied. Here, assuming that constitutionality or validity is properly involved, the court has jurisdiction on direct appeal from an order or judgment granting or denying an injunction, but no jurisdiction on direct appeal from an order or judgment granting or denying mandamus.

A part of the prayer in appellant's trial petition asks for the issuance of injunction to restrain the defendants, their officers and agents, from arresting or restraining appellant from operating a motor vehicle until the final determination of this suit and until the final determination of the appeal to the county court at law. But this part of the prayer is incidental to and in aid of the prayer that the defendants be ordered to issue a new or provisional license pending the appeal. If not so con-

strued, it would, if granted, permit appellant to operate a motor vehicle without license.

Since this Court is without jurisdiction, the appeal is dismissed.

Opinion delivered: March 11, 1953.

Rehearing overruled April 15, 1953.