**Donald Gardner McMINN, Appellant,**

v.

**DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 10528.**

Court of Civil Appeals of Texas.

Austin.

Nov. 13, 1957.

Boling & Griffith, Lubbock, for appellant.

No brief filed for appellee.

ARCHER, Chief Justice.

On October 16, 1956, The Texas Department of Public Safety suspended appellant's chauffeur's license for a period of one year, as the result of an affirmative finding by the Municipal Court of Lubbock County. Appellant appealed to the County Court at Law of Lubbock County.

On February 19, 1957, a trial was begun, a jury was impaneled and certain evidence offered by appellee was heard and appellee

rested its case. Appellant made a motion for a directed verdict, which was overruled. Appellee then made a motion for a nonsuit, which was granted without prejudice, and the case ordered to remain on the docket subject to the right to amend on either side.

No amendments were made.

The appeal is founded on six points and are to the effect that the court erred in allowing appellee a nonsuit and ordering the case to remain on the docket; in dismissing the jury; in overruling appellant's motion for directed verdict and points Nos. 4, 5 and 6 raise the question of constitutionality of Article 6687b, Vernon's Ann. Civ.St.

Appellee has not filed a brief herein and no statement of facts has been filed.

The question is presented concerning the order appealed from as to whether it is a final order and appealable or an interlocutory order and not appealable.

As a practical matter this cause is moot since the order suspending appellant's license was made on October 16, 1956 and by statute was for one year, and the year has expired. Boston v. Garrison, 152 Tex. 253, 256 S.W.2d 67.

■ We question the authority of the court to grant the defendant in a case a nonsuit, since this is available to a plaintiff, and to leave the case on the docket as was ordered done in this proceeding. Rule 164, Texas Rules of Civil Procedure.

■ The appropriate order to be entered upon a motion for nonsuit is that of dismissal without prejudice. 15A Tex.Jur. 362, Sec. 25.

■ The order appealed from while denominated a nonsuit was not a nonsuit. The case remained on the docket subject to amendment and trial. Such an order amounted to nothing more than permitting the Department of Public Safety to withdraw its announcement of ready. Such an

order is not appealable since it is an interlocutory order and there is no statute authorizing an appeal from such an order.

The appeal is dismissed.

Dismissed.