MARY'S OPINION HEADING 









                                                NO.
12-05-00212-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

IN
RE: CASTLE TEXAS PRODUCTION

LIMITED
PARTNERSHIP, CASTLE TEXAS

PIPELINE LIMITED
PARTNERSHIP,     §                      ORIGINAL PROCEEDING

CEC
GAS MARKETING LIMITED

PARTNERSHIP,
AND CASTLE ENERGY

CORPORATION,

                                                      
                                                                                                    

 

OPINION

            Relators, Castle Texas Production Limited Partnership,
CEC Gas Marketing Limited Partnership, and Castle Energy Corporation
(collectively “Castle”), petition for writs of mandamus and prohibition seeking
the entry of a judgment for a specific amount of prejudgment interest and
attorney’s fees and prohibiting the relitigation of Castle’s right to
prejudgment interest.  We conclude that,
under the facts presented, neither mandamus nor prohibition is
appropriate.  Moreover, Castle has an
adequate remedy on appeal.  Therefore, we
deny the petition.

 

Background








            On September 5, 2001, the trial court rendered its
amended final judgment awarding the Long Trusts a monetary recovery against
Castle and awarding Castle damages on its counterclaim together with
prejudgment interest and attorney’s fees. 
We reversed that part of the trial court’s judgment awarding the Long
Trusts recovery against Castle and remanded the Long Trusts’ breach of contract
claims to the trial court for retrial. 
In affirming the judgment for Castle (subject to remittiturs), we held
that the trial court had not awarded Castle the prejudgment interest on its
counterclaim provided by the operating agreement.  Therefore, we severed Castle’s counterclaim
against the Long Trusts and ordered the trial court to recalculate prejudgment
interest at twelve percent per annum as required by the joint operating
agreement.  Castle Tex. Prod. Ltd.
P’ship v. Long Trusts, 134 S.W.3d 267, 288-89 (Tex. App.–Tyler 2003,
pet. denied).

            The Long Trusts contend they are entitled to a jury trial
on the amount of prejudgment interest. 
Respondent, the Honorable Clay Gossett, Judge of the 4th Judicial
District Court of Rusk County, has set the case for trial.  Castle argues that this defies our mandate
remanding the cause to the trial court “for the recalculation of the
prejudgment interest on damages at the rate and in the manner provided by the
joint operating agreements. . . .”  Since
the Long Trusts concede that they paid none of the joint interest billings,
Castle maintains that the Long Trusts are estopped to challenge that interest
runs from the date of the billings. 
Therefore, Castle argues that the recalculation of the interest requires
simple arithmetic, not more evidence. 
Contending that Respondent abused his discretion in not accepting the
calculation of prejudgment interest proffered by Castle to Respondent, Castle
asks this court to issue writs of mandamus and prohibition for the following
relief:

 

Castle
requests that the Court enforce its Mandate by:

 

(i)
ordering the Respondent to remove the issue of prejudgment interest from the
trial docket, recalculate prejudgment interest, and render judgment for
Production awarding it $149,407.94 in actual damages, $103,306.54 in
prejudgment interest, $450,000.00 in attorney’s fees for the preparation and
trial of the counterclaim, postjudgment interest at the rate of twelve percent
(12%) per annum or $231.03 per day after September 5, 2001 until the judgment
is satisfied, $60,000.00 in appellate attorney’s fees, and costs incurred in
the appeal; and 

 

(ii)
prohibiting the Respondent from relitigating whether Production is entitled to
prejudgment interest and the manner of calculating that interest.

 

 

Availability of Mandamus and Prohibition

            The function of the writ of mandamus is to compel action
by those who by virtue of their official or quasi-official positions are
charged with a positive duty to act.  See
Boston v. Garrison, 152 Tex. 253, 256 S.W.2d 67, 70 (1953).  It is not a writ of right, and its issuance
is within the sound discretion of the court, a discretion to be exercised by
the application of fixed principles. 
Westerman v. Mims, 111 Tex. 29, 227 S.W.178, 181 (1921).

            Mandamus will not issue unless the relator demonstrates a
clear right to the relief.  Cobra
Oil & Gas. Co. v. Sadler, 447 S.W.2d 887, 895 (Tex. 1968) (op. on
reh’g).  A writ of mandamus may issue
when the duty to do the act is ministerial. 
Turner v. Pruitt, 161 Tex. 532, 342 S.W.2d 422, 423 (Tex.
1961).  An act is ministerial if the law
prescribes the duty to be performed by the judge with such precision that
nothing is left to the exercise of discretion. 
State Bar of Tex. v. Heard, 603 S.W.2d 829, 832 (Tex.
1980).  Although courts of appeal “have
jurisdiction to direct the trial court to proceed to judgment, [they] may not
tell the court what judgment it should enter.” 
In re Ramirez, 994 S.W.2d 682, 684 (Tex. App.–San Antonio
1998, orig. proceeding).  In O’Donniley
v. Golden, 860 S.W.2d 267, 269 (Tex. App.–Tyler 1993, orig.
proceeding), we observed that “it is a basic premise that an appellate court
lacks the power to compel a trial judge to do a particular act requiring
discretion on his part. . . .” 
Therefore, an appellate court cannot resolve disputed facts in a
mandamus proceeding, and mandamus is inappropriate if there is a factual
dispute of consequence.  Hooks v.
Fourth Court of Appeals, 808 S.W.2d 56, 60 (Tex. 1991).

            Mandamus is not available if the relator has a clear and
adequate remedy at law.  Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992).  Generally, the remedy of appeal after
judgment is an adequate remedy precluding mandamus.  Id. at 840-42.  The cost or delay involved in
pursuing an appeal in most cases does not render an appeal an inadequate
remedy.  Id.  An allegedly erroneous ruling such as
setting a matter for trial or denying a motion for summary judgment, no matter
how it is titled, is an act that is “incidental to the normal trial process”
and is not subject to correction by mandamus, because any error may be
adequately reviewed on appeal.  See
In re Ford Motor Co., 988 S.W.2d 714, 725 (Tex. 1998).

            The writ of prohibition is available to compel a court of
inferior jurisdiction from taking certain actions, usually connected with
interfering with the jurisdiction of the superior court.  Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 682-83 (Tex. 1989).  The
threat of jurisdictional interference must be real before a writ of prohibition
will be granted, and the writ will not issue to protect an appellate court’s
jurisdiction from the mere possibility of interference by the lower court.  See State ex rel. Rodriguez v. Onion,
741 S.W.2d 433, 435 (Tex. Crim. App. 1987); W.C.H., III v. Matthews,
536 S.W.2d 679, 681 (Tex. Civ. App.–Fort Worth 1976, orig. proceeding).  As with mandamus, prohibition is not
appropriate if any other remedy such as appeal is available and adequate.  Holloway, 767 S.W.2d at 684.

 

Analysis

            The Joint Operating Agreement determines when interest
begins to accrue.  In pertinent part, the
JOA provides as follows:

 

Each
Non-Operator shall pay its proportion of all bills within (15) days after
receipt.  If payment is not made within
such time, the unpaid balance shall bear interest monthly at the rate of twelve
percent (12%) per annum or the maximum contract rate permitted by the
applicable usury law in the state in which the joint property is located,
whichever is lesser. . . .

 

Statements
and Billings.  Operator shall bill
Non-Operators on or before the last day of each month for their proportionate
share of the Joint Account for the preceding month.

 

 

            Castle contends that the JOA gives an incentive to a
non-operator to promptly pay the billing. 
Specifically, Castle states that “[i]f they fail to pay within the
specified period, the operator is entitled to prejudgment interest calculated
monthly – not from the dates of receipt by the non-operator – but from the date
of the joint interest billings.”  The
Long Trusts concede that they paid none of the billings, which according to
Castle means that the prejudgment interest can only be calculated from the dates
of the joint interest billings.  Castle
maintains that Respondent has all the evidence necessary in the record created
for the first trial, which Castle requested Respondent to judicially notice.  Therefore, Castle concludes that Respondent
had no discretion but to render judgment in the amounts demanded in its
petition.

            Moreover, Castle points out that the Long Trusts objected
to a request for production of the joint interest billings (JIB) they had
received, contending that those documents were “neither relevant nor reasonably
calculated to lead to the discovery of admissible evidence.”  Respondent sustained the Long Trusts’
objections to Castle’s request for the JIBs, and the Long Trusts never produced
any billings that they received from Castle. 
Therefore, Castle contends that the Long Trusts are judicially and
equitably estopped from taking the inconsistent position that those are
precisely the documents necessary to establish when prejudgment interest begins
to accrue.








            The Long Trusts argue that the JIBs may be sent at any
time on or before the last day of the month for the preceding month’s expenses
and that interest does not begin to accrue until fifteen days after the
non-operator’s receipt of the JIB, not the date printed on the JIB.  Since there is no satisfactory proof of when
the Long Trusts received each of the invoices, Respondent cannot correctly
calculate when prejudgment interest begins to accrue without additional
evidence.  To support their
argument, the Long Trusts rely on C&C Partners v. Sun Exploration
& Prod., 783 S.W.2d 707 (Tex. App.–Dallas 1989, writ denied).  In C&C Partners, the Dallas
Court of Appeals considered facts similar to these and an almost identical
joint operating agreement provision governing the calculation of prejudgment
interest.  Sun’s accountant testified
that monthly billings were sent to C&C, and C&C admitted that it had
received the invoices but had not paid them. 
Sun, however, failed to establish when the invoices were received.  The Dallas Court held that, absent evidence
of when the joint interest billings were received by the non-operator
(C&C), there was factually insufficient evidence from which to calculate
prejudgment interest and the trial court erred in rendering judgment for
prejudgment interest.  Id.
at 721.

            Long Trusts also insists that in deciding whether the
facts give rise to an estoppel, the court must deal with disputed matters of
fact, and the resolution of such issues in a mandamus proceeding constitutes an
abuse of discretion.  See Brady v.
Fourteenth Court of Appeals, 795 S.W.2d 712, 716 (Tex. 1990).

            We are convinced after reading C&C Partners and
Brady that there are issues before the trial court requiring
factual determinations.  Therefore, we
conclude that Respondent did not abuse his discretion in setting the matter for
trial, and mandamus is inappropriate. 
Moreover, Castle has an adequate remedy by appeal.  An allegedly erroneous ruling such as setting
the matter for trial or denying a motion for summary judgment, no matter how it
is titled, is “incidental to the normal trial process” and is not subject to
correction by mandamus, because any error may be adequately reviewed on
appeal.  See In re Ford
Motor Co., 988 S.W.2d at 725.

            Relator urges that we issue a writ of prohibition,
presumably to prohibit an unlawful interference with the enforcement of our
judgment and mandate.  However, in
setting the cause for trial, Respondent has done nothing that constitutes an
interference with this court’s appellate jurisdiction.  Prohibition is therefore inappropriate.

 

Disposition

            The petition for writ of mandamus and prohibition is denied.  Castle’s motion for temporary relief is
overruled as moot.

 

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

                                                                                    

Opinion
delivered April 5, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)