

NUMBER 13-13-00530-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE DAVID HARVEY BAUMAN

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion Per Curiam[1]

Relator, David Harvey Bauman, proceeding pro se, filed a document entitled "Motion for Reimbursement of Funds" in the above cause on September 27, 2013. Relator states that he paid $29,000 in restitution to Hidalgo County in criminal case CR-2219-01-H and $28,500 in restitution to Starr County in criminal case 02-CR-22, and the attorney general froze $4,000 in Medicaid funds owed to Bauman in March of 2002. Relator states that he is "petitioning the court to order the return of all funds" from Hidalgo and Starr Counties and the Texas Health and Human Services Commission.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Because the document does not reference an order or judgment subject to appeal and relator essentially asks us to command a public officer to perform an act, we construe this document as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1(a), (d); *In re Castle Texas Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 152 Tex. 253, 256 S.W.2d 67, 70 (1953)).

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (*i.e.*, from extant statutory,

2

constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* Tex. R. App. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

A complaint relating to a restitution order must be made at the time it was imposed or on direct appeal from the judgment of conviction. *See Ex parte Pena*, 71 S.W.3d 336, 338 (Tex.Crim.App.2002); *see also In re Whiddon*, No. 03-12-00361-CV, 2012 WL 2742285, at *1 (Tex. App.—July 3, 2012, orig. proceeding) (mem. op.) Based on the record presented, relator did not raise his current complaint at the time the restitution order was imposed or on direct appeal. Thus, relator has failed to show that he lacks an adequate remedy by appeal. *See In re State ex rel. Weeks*, 391 S.W.3d at 122. Further, relator has failed to provide us with a copy of the restitution order or any documentation showing the amount of restitution that he has allegedly paid. Thus, even

3

if relator's complaint were properly before us, he has failed to provide us with a sufficient appendix or record showing that he is entitled to the extraordinary relief he seeks. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding); *Barnes*, 832 S.W.2d at 426; *see also* TEX. R. APP. P. 52.3(k), 52.7(a).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of October, 2013.