

## NUMBER 13-14-000208-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE MARKUS ANTONIUS GREEN

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Longoria
## Memorandum Opinion Per Curiam[1]

Relator, Markus Antonius Green, proceeding pro se, filed a document entitled "Motion for Temporary Injunctive Relief from Prison Officials at Neal Unit" in the above cause on April 7, 2014. Relator states that he is seeking to "restrain" prison officials from "withholding [relator's] eyeglasses" for the purposes of "theft" or confiscation as "retaliation for [relator's exercise of his legal rights to grieve against State officials." Relator further seeks to compel prison officials to return his personal law books to him.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Because the document does not reference an order or judgment subject to appeal and relator asks us to command a public officer to perform an act, we construe this document as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1(a), (d); *In re Castle Texas Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 152 Tex. 253, 256 S.W.2d 67, 70 (1953)).

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*."* *See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record

sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

In addition to other deficiencies, relator's pleading does not include either an appendix or a record and is unsupported by any documentation or evidence. The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *State ex rel. Young*, 236 S.W.3d at 210. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of April, 2014.

3