

NUMBER 13-19-00136-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ROBERT HARTFIELD

On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Perkes
### Memorandum Opinion by Justice Longoria[1]

Relator Robert Hartfield, proceeding pro se, filed a pleading in the above cause on April 1, 2019, requesting that we compel the public defender to provide him with a copy of the complete record from his appeal of his conviction for forgery in trial court cause number 570721 in the 183rd District Court of Harris County, Texas.[2] We construe this pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1(a), (d);

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

[2] Relator's appeal was transferred to this Court and was affirmed in an unpublished opinion in our cause number 13-91-00188-CR.

*In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 152 Tex. 253, 256 S.W.2d 67, 70 (1953)).

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.*"* *See generally* TEX. R. APP. P. 52.3. The relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for

the record).  In this case, relator has furnished neither an appendix nor a record in support of his claim for relief.

## II. JURISDICTION

Article V, Section 6 of the Texas Constitution expressly grants the courts of appeals appellate jurisdiction and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law."  TEX. CONST. art. V, § 6.  This Court's original jurisdiction is governed by section 22.221 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2017 1st C.S.); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding).  In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court."  *Id*. § 22.221(a).  This section also provides that we may issue writs of mandamus against:

(1)     a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district;

(2)     a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or

(3)     an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge.

*Id*. § 22.221(b).

Relator's petition seeks mandamus relief against an unnamed public defender. However, we do not have original jurisdiction against a public defender.  *See generally id.* § 22.221(b); *see also In re Noble*, No. 08-13-00174-CV, 2013 WL 3943071, at *1 (Tex. App.—El Paso July 24, 2013, orig. proceeding) (mem. op.) (concluding that the court lacked mandamus jurisdiction over the public defender); *In re Morrison*, No. 05-10-00319-CV, 2010 WL 1445170, at *1 (Tex. App.—Dallas Apr. 13, 2010, orig. proceeding) (mem.

3

op.) (same).   Further, relator has not shown that the requested relief is necessary to enforce the jurisdiction of this Court.   *See generally id.* § 22.221(a); *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).

### III.  CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not established this Court's jurisdiction over the relief sought.   Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of April, 2019.

4