

# NUMBERS 13-21-00468-CR & 13-21-00469-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE DAVID GREG GONZALES

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION
### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides[1]

David Greg Gonzales, proceeding pro se, has filed a pleading entitled "Motion of Writ in [Argument]." Gonzales does not reference an appealable order or judgment, and accordingly, we construe this pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1, 25.2 (governing the perfection of appeal); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 256 S.W.2d 67, 70 (Tex. 1953)); *see also Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (directing courts to examine the substance of a pleading rather than its form or caption to determine its nature). Gonzales's petition is unclear, but he appears to request relief regarding criminal cause number 2020-CR-0108-A in the 197th District Court of Willacy County, Texas, docketed in our cause number 13-21-00468-CR, and civil cause number 2020-CV-0440-A in the 197th District Court of Willacy County, Texas, docketed in our cause number 13-21-00469-CV. Gonzales references the right to bail, a conflict with his attorney, the right to terminate representation by counsel, and "unethical" and politically motivated behavior by the State and the trial court. Gonzales also alleges that the trial court has refused bail to "restrict" relator's "diligence" in his civil case. Gonzales has not filed a record or appendix in support of his claims. The district clerk has informed this Court that both causes remain pending in the trial court.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

In a civil case, to be entitled to mandamus relief, the relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief in either the civil or criminal case. Accordingly, we deny the petition for writ of mandamus in both causes.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
5th day of January, 2022.

3