

# NUMBER 13-22-00498-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GEORGE CANO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Benavides[1]**

George Cano has filed a pro se pleading with this Court requesting multiple forms
of relief. To the extent that Cano has requested relief from this Court regarding a pending
appeal, *In the Interest of G.K.C. and M.R.C., Children*, filed in our cause number 13-22-
00430-CV, such requests are being handled as motions filed separately in that appeal.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not
required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R.
47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that
addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the
differences between opinions and memorandum opinions).

However, Cano also requests that we compel the trial court to produce relevant evidence and order the trial court to allow discovery. Because Cano asks us to command a public officer to perform an act, we liberally construe his pleading as a petition for writ of mandamus and resolve these claims in this separate cause number. *See generally* TEX. R. APP. P. 25.1 (governing the perfection of appeal); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 256 S.W.2d 67, 70 (Tex. 1953)); *see also Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (directing courts to examine the substance of a pleading rather than its form or caption to determine its nature).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *see Walker*, 827 S.W.2d at 840; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the

2

extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Cano has not met his burden to obtain relief. Cano's petition for writ of mandamus fails to meet the foregoing requirements insofar as it does not state concisely and without argument the facts pertinent to the issues or points presented, *see* TEX. R. APP. P. 52.3(g); each statement of fact in the petition is not supported by citation to competent evidence included in the appendix or record, *see id.*; and the petition does not contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the appendix or record, *see id.* R. 52.3(h). Accordingly, we deny the petition for writ of mandamus.

GINA M. BENAVIDES
Justice

Delivered and filed on the
27th day of October, 2022.

3