

# NUMBER 13-23-00022-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE ENRIQUE O. GUILLEN

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva
Memorandum Opinion by Justice Silva[1]**

Enrique O. Guillen[2] has filed a pro se pleading in this Court requesting that we issue "a mandamus order" requiring the trial court to "investigate and hand over

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] Enrique O. Guillen is also identified in this pleading as Enrique Ochoa Guillen. Although Guillen affirmatively seeks relief on his behalf and has signed this pleading, this pleading could also be construed to request relief on behalf of Victoria Guillen insofar as it refers to "appellants" and "plaintiffs." We caution

[e]vidence absconded from the record by court [personnel]." Guillen's requests for relief mirror those that he has presented by motion and objection in a pending appeal, *Enrique O. Guillen and Victoria Guillen v. Cristian Andres Gomez*, filed in our appellate cause number 13-22-00515-CV. Because Guillen specifically requests mandamus relief and asks us to command a public officer to perform an act, we resolve his claims in this pleading in this separate original proceeding. *See generally* Tex. R. App. P. 25.1(a) (governing the perfection of appeal); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 256 S.W.2d 67, 70 (Tex. 1953)); *see also Surgitek v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (directing courts to examine the substance of a pleading rather than its form or caption to determine its nature).

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833,

---

against the unauthorized practice of law. *See, e.g.*, Tex. Gov't Code Ann. § 81.101–.102 (defining the unauthorized practice of law); Tex. Pen. Code Ann. § 38.123 (explaining that the unauthorized practice of law constitutes an offense under the penal code); *Crain v. The Unauthorized Practice of Law Comm. of the Sup. Ct. of Tex.*, 11 S.W.3d 328, 332–34 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (stating that a person who is not a licensed attorney may not represent other persons in legal matters).

2

839–40 (Tex. 1992) (orig. proceeding).

"The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *see Walker*, 827 S.W.2d at 840; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); *id.* R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Guillen has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Delivered and filed on the
20th day of January, 2023.

3